**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ANTONIO MEJIA MARTINEZ, AKA Nelson Martinez, AKA Nelson Mejia, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-72703 <br><br> Agency No. A094-460-301 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Nelson Antonio Mejia Martinez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Mejia Martinez does not claim past persecution in El Salvador.  Substantial evidence supports the agency's finding that Mejia Martinez did not establish a well-founded fear of persecution on account of a protected ground because his fear of harm by gang members is speculative.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).  We reject Mejia Martinez's contentions that the agency inadequately or improperly reviewed his case and his evidence.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome presumption agency reviewed record).  The record does not support his contention that the agency did not adequately articulate its reasons.  Thus, his asylum claim fails.

Because Mejia Martinez failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Mejia Martinez failed to establish it is more likely than not he would be

tortured at the instigation of or with the acquiescence of the government if returned

to El Salvador. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**